No. 23855.

HENRY R. PUTNAM *v.* THE TRUSTEES OF THE POLICE
PENSION BOARD OF AURORA, COLORADO.

(460 P.2d 778)

Decided November 10, 1969.

JORGE E. CASTILLO, for plaintiff in error.

JOHN P. GATELY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

ON a previous writ of error we affirmed a judgment
of the trial court which had reversed the Police Pension

Board's decision to deny Putnam's petition for a pension. *Trustees v. Putnam,* 162 Colo. 232, 425 P.2d 695. In that case, we held:

"We, as did the trial court, have examined the complete record of the proceedings before the Board. We find therein no testimony by persons making the accusation and no evidence as to the truth or falsity thereof. We find in the record admissions that these accusations so unnerved Putnam that he suffered the disorder which is the source of his disability. Without any evidence the Board was not in a position to make a finding, as it did, that he, in the course of his employment, committed some unlawful act."

We thereupon remanded that case to the trial court with instructions to return the matter to the Pension Board "for entry of the trial court's order granting Putnam's petition." The effect of that remand was to direct the granting of Putnam's petition for a pension. After that remand, the Pension Board made supplemental findings which, among other things, found that Putnam was entitled to an award for "temporary disability" for a period of one year. He was thereupon paid a lump sum in the amount of $5,598 plus $520 for back wages for which he had not previously been paid.

Putnam's petition was for a permanent disability pension as provided for in City of Aurora Ordinance No. 802, Section 10(C). He therefore has prosecuted this writ of error on the claim that the Pension Board improperly refused to grant him a pension based on permanent disability, and that the trial court erroneously affirmed this action by the Pension Board.

It should be noted at this point that no further evidentiary hearing was held by the Pension Board after the remand; however, it did make supplemental findings on the previous record for the apparent purpose of complying with the remand directions.

■ We have searched this record for even a scintilla of evidence which would show that Putnam's disability

is temporary rather than permanent in nature. The record is devoid of such evidence. On the other hand, the record does contain Dr. Hilton's testimony clearly revealing a permanent disability status for Putnam. However, in an effort to render the record impotent as to this testimony, the Pension Board in one of its supplemental findings stated:

"That the Board rejects the testimony of Dr. Hilton because of the conflicts in his testimony and that his testimony is not credible and there is insufficient evidence in the record to establish that Henry R. Putnam was permanently disabled in the performance of his duty or by reason of service as a member of the Aurora Police Department."

There is no basis whatsoever in the record for the Pension Board's statement that Dr. Hilton's testimony as to the permanency of Putnam's disability is not credible. This testimony was uncontroverted. At most, the record reveals an appearance of a conflict in his opinion as to whether Putnam's disability was service connected. This apparent but not actual conflict arose in the following manner as shown from the record.

Shortly after Putnam became disabled in 1960, Dr. Hilton filed a report with an insurance company that Putnam's disability did not arise out of his employment. At the hearing in 1964, Dr. Hilton testified that Putnam's disability did arise out of his employment. He explained, however, that he had not signed nor had he authorized the statement contained in the insurance report. He testified that his secretary had prepared and signed this report without his authority and that her services had since been terminated because of similar unauthorized acts of this nature. Later, in the hearing, it was stated for the record on behalf of the Board that:

"We did amend the record in that we did accept Dr. Hilton's statement that he did not sign the insurance report."

The Pension Board when it sought to make supplemental

findings based upon the record of the previous hearing held in 1964 could make only those findings which are supported by that record. The remand direction on the Board required it to grant Putnam's application for a pension. As we have shown previously, there is credible evidence in the record showing a permanent disability status. On the contrary, there is no evidence whatsoever in the record to support the Pension Board's supplemental finding of a temporary disability status. For the reasons heretofore given, we must conclude that the Board in making its award on a temporary disability basis rather than on a permanent disability basis exercised its discretion arbitrarily and capriciously. This action of the Pension Board cannot therefore be sustained.

In previous *Putnam,* we noted:

". . . Courts are not to be impotent, stand idly by, and allow unrestricted exercise of authority by Boards, not granted by statute, or permit the arbitrary and unjustified exercise of discretion."

See also *State Board of Nurse Examiners v. Hohu,* 129 Colo. 195, 268 P.2d 401.

The judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to return the matter to the Pension Board with directions to grant Putnam's application for pension on a permanent disability status in accordance with City of Aurora Ordinance No. 802, Section 10 (C).

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.